SUTLIFF, C.J., and PECK, GHOLSON and BRINKERHOFF, JJ., concurred.

---

DEWITT C. SPINNING v. WILLIAM BLACKBURN, ANN MARY BLACKBURN ET AL.

1. A mechanic's lien can not be created upon the real estate of a married woman for work done or materials furnished in erecting a house thereon under a contract with her husband; and waiving all question as to the competency of a wife to charge, by contract, her real estate with a mechanic's lien, a petition, seeking to charge such real estate with such lien, which does not aver that the work was done or the materials were furnished under a contract or agreement with the wife, is bad on general demurrer.
2. The statute of February 28, 1846, "in relation to the interest of husbands in the estate of their wives," forbids the sale, during the life of the wife, of the curtesy of the husband to satisfy a mechanic's lien as against him.

ERROR to the superior court of Montgomery county.

The case is sufficiently stated in the opinion of the court.

*J. A. Jordon*, for plaintiff in error.

*Conover & Craighead*, for defendants in error.

BRINKERHOFF, J.—This is a petition in error filed here to

reverse a judgment of the superior court of Montgomery county.

The case is this : On the 24th of November, 1857, the plaintiff in error, Spinning, filed in the superior court of Montgomery county, his petition against William and Ann Mary Blackburn and others, seeking to enforce against the Blackburns an alleged mechanic's lien in his favor. The petition, omitting only the description of the real estate sought to be subjected to the alleged lien, is as follows :

" Plaintiff says, that on the 9th day of June, 1856, Daniel Beckel and Dewitt C. Spinning, partners as Beckel & Spinning, commenced furnishing lumber, and continued from time to time to furnish lumber and materials, until the 25th day of June, 1856, for said William Blackburn and Ann Mary Blackburn, wife of said William Blackburn. That said lumber was furnished for the purpose of and was used in the erection of a dwelling house on the following described real estate, situated in Harrison township, Montgomery county, Ohio, to-wit. (Here comes a description of the premises.) That the title to said premises, in fee simple, was, at the time said materials were furnished, and still is in said Ann Mary Blackburn. That said Ann Mary Blackburn had full knowledge that said lumber was furnished for the purpose of and was used in the erection of said house, upon her said premises. That she planned and gave directions how and where said lumber should be used in said building. That said Beckel & Spinning furnished the same for the benefit of said Ann Mary Blackburn. That she subsequently took possession of said building, and now occupies the same with her said husband. That within four months from the time said lumber was furnished, said Beckel & Spinning made affidavit to said account, and caused the same to be recorded in the mechanic's lien record in the recorder's office of Montgomery county, Ohio, on the 26th day of October, 1856, which lien is hereto attached and made part of this petition. That there is now due and owing from said William Blackburn, on said account and mechanic's lien the sum of ninety dollars and $\frac{12}{100}$, and interest thereon, from June 25, 1856, and that said plaintiff

is entitled to have said premises sold to pay said debt. That said Beckel & Spinning have dissolved partnership, and said claim has been assigned and transferred to said Dewitt C. Spinning, plaintiff. That said Dickey, Shafer & Co., Fettinger & Co., Jacob Cornell, Christian R. Rike, and Kelly & Smith, respectively hold liens upon said premises. Whereupon said plaintiff asks judgment against said William Black-burn for said sum of $90.12, and interest thereon, from June 25, 1856, for sale of said premises to pay said debt, and for other proper relief."

The other defendants filed answers, in the nature of cross-petitions, setting up other alleged mechanics' liens in their favor respectively, by allegations, in terms substantially similar to those employed by the plaintiff in his petition.

The defendants, William and Ann Mary Blackburn, separately filed general demurrers to the petition. On hearing, the court sustained these demurrers, and no amendment being asked for, gave judgment for the defendants, William and Ann Mary Blackburn. These rulings and judgment are assigned for error.

The question is thus made, whether, under the statutes of this state, this petition contains a statement of facts sufficient to constitute a lien which may now be enforced upon the premises described, either as against the fee simple estate of the wife, or the estate by the curtesy of the husband.

And first, as against the estate of the wife. The first section of the act of March 11, 1843, " to create a lien in favor of mechanics, and others, in certain cases" (2 Curwen's St. 964), provides:

" That any person who shall perform labor, or furnish materials or machinery, for constructing, altering or repairing any boat, vessel, or other watercraft, or for erecting or repairing any house, mill, manufactory, or other building, or appurtenance, by virtue of a contract or agreement with the owner thereof, shall have a lien to secure the payment of the same, upon such boat, vessel, or other watercraft, and upon such house, mill, manufactory, or other building or appurtenance, and the lot of land upon which the same shall stand."

Now, it is by virtue of this section of the statute that this alleged lien subsists, if it subsists at all. And the statute creates a lien only in cases where work has been done or materials furnished "by virtue of a contract or agreement with the owner." But this petition nowhere, either expressly or by any fair and just construction, alleges that any contract or agreement was ever made with the wife. Indeed, such averment rather seems to be purposely avoided. It states facts, which, if given in evidence under a proper state of pleading, would *tend* to prove a contract with her; but they are by no means conclusive in their character, and might be rebutted or explained. The materials are alleged to have been furnished for the benefit of the wife; but all or any property which may be furnished to a husband, or to a wife under a contract with the husband, in the enjoyment of which a wife may participate, is, in a sense, furnished for the benefit of the wife. And this construction of the petition is fortified by the fact that the plaintiff, in the concluding part of his petition, when stating the indebtedness for the satisfaction of which he prays a sale of the land, avers it to be the indebtedness of the husband, and is silent as to any indebtedness of the wife.

Waiving, then, all inquiry as to whether, under the laws of this state, a wife is competent to make a contract in virtue of which a mechanic's lien may be established as against her real estate, we are clearly of opinion that, for want of any averment of contract or agreement with her, her demurrer to the petition was properly sustained.

It is claimed in argument, however, that although the allegations of the petition may not be sufficient, on demurrer, to establish a lien on the fee simple estate of the wife, yet that they are sufficient as against the curtesy of the husband, and that in the state of the pleadings in the case that estate at least, ought to have been subjected to sale to satisfy his alleged indebtedness. This claim proceeds on the assumption that the materials furnished by the plaintiff and his former partner were furnished under a contract or agreement with the husband alone; and that the indebtedness is his solely.

Granting that this was so, and waiving all inquiry in respect to the sufficiency of the allegations of the petition against him on this theory. of the case, it follows that the debt which is the foundation of the alleged lien, is the debt of the husband alone ; but the sale of the husband's curtesy, during the life of the wife, to satisfy that debt is clearly prohibited by the first section of the act of February 28, 1846, " in rela-tion to the interest of husbands in the estate of their wives,'· (2 Curwen's St. 1252), which provides :

" That the interest of any married man in the real estate of his wife, belonging to her at the time of their intermar-riage, or which may have come to her by devise, gift or in-heritance during coverture, or which may have been pur-chased with her sole and separate money or other property, and, during her coverture, shall have been deeded to her, or to any trustee in trust for her, shall not be liable to be taken, by any process of law or chancery, for the payment of his debts, during the life of the wife, or the life or lives of the heir or heirs of her body."

This statute, it will be perceived, was passed subsequently to the mechanics' lien law, and, if there were any conflict between them, controls its provisions. It was in full force when these proceedings were had, and its provisions seem, on the point in question, to be too plain for comment.

It may be proper to add, that no question appears to have been made in the court below, and none has been made here, as to the regularity of the steps taken to fix the alleged liens, if, from the contracts of the parties, they were capable of being fixed, and we have considered the questions made by the demurrers to the petition, as if the regularity of those steps were unquestionable.

Judgment affirmed.

SUTLIFF, C.J., and PECK, GHOLSON and SCOTT, JJ., con-curred.