AMBROSE MANUFACTURING COMPANY, Respondent, v. CORA U. GAPEN ET AL., Appellants.

| 22 | 397 |
|----|-----|
| 50 | 496 |
| 51 | 427 |
| 53 | 320 |
| 22 | 397 |
| 60 | 112 |
| 22 | 397 |
| 80 | 99 |

Kansas City Court of Appeals, May 24, 1886.

1. MECHANIC'S LIEN—ORIGINAL CONTRACTORS—WHO ARE.—Under the Mechanic's Lien Act, the statute (sect. 3172, Rev. Stat.) gives the lien to mechanics or other persons who may perform labor, or furnish material, on a contract with the owner, trustee, contractor, or sub-contractor. If the contract to labor, or to furnish material is with the *owner*, it is an original contract; and the contractor of the labor or material is an original contractor; and under section 3176, Revised Statutes, has six months in which to file his lien. (Opinion reserved as to day laborers, etc). A material man is an original contractor, if he furnish the materials on a contract with the owner.

2. ———— ———— WHO IS OWNER—SECTION 3192, REVISED STATUTES. Under sections 3174 and 3192, Revised Statutes, of the Mechanics' Lien Law, every person, including all *cestuis que trust*, for whose use, etc., any * * * improvement shall be made, shall be included by the words " owner or proprietor," named in the act, *not excepting* minors over the age of eighteen years, or married women.

3. ———— ENFORCEMENT OF LIEN—BUILDINGS OF BRICK.—A judgment enforcing a mechanic's lien may be executed against a building, although it should result in the destruction of the property charged. The purchaser at the sale under it becomes the owner thereof, with the power of removal within a reasonable time; and it is with him, whether he will remove the building bodily to some other location, or whether he will take it down and use the material. The statute makes *no exception* as to the *kind* of building subject to the lien.

APPEAL from Caldwell Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

The only facts material to be stated are as follows: On the thirteenth of June, 1883, Eli Gapen, then

being the owner of a lot in Kingston, executed a deed of trust thereon to William Wilmott, to secure an indebtedness of $1,300 for money borrowed of defendant, Nancy M. Perkins ; and on September 15, following, he executed another conveyance to Wilmott, in trust to secure said Nancy in the further sum of seven hundred dollars.

On the thirteenth of October, of the same year, 1883, the plaintiff sold and delivered to Gapen, to be placed in a building which he was then constructing on said lot, some door sills, lintels and pilasters. These articles, amounting in value to two hundred and fifteen dollars, were used in the building, and were furnished by plaintiff to Gapen, under contract with him.

On the fourth of March, 1884, after the expiration of four months, but within six, plaintiffs filed their account and claim for a mechanic's lien, in the clerk's office of the circuit court of Caldwell county.

In August, 1884, Wilmott, the trustee in the $1,300 deed of trust, before referred to, at regular sale thereunder, sold the premises to the defendant, Nancy M. Perkins, she being the highest bidder, and a deed was then executed by the trustee, conveying the premises to her.

This proceeding was instituted by plaintiffs to establish and enforce a mechanic's lien against the premises, the said Nancy M. Perkins, and the trustee, Wilmott, being made parties.

On June 19, 1885, judgment and decree was entered in the court below, establishing plaintiffs' claim as a mechanic's lien against the building alone erected on said lot, and directing a sale thereof to satisfy the amount of such lien. The building, upon which the lien is established, is a large brick structure, forty-two and a half feet wide, and eighty feet long.

The appellants claim that this decree was unauthorized, and have appealed therefrom.

CRITTENDEN, McDOUGAL and STILES, for the appellants.

I. The account was not *filed in time* to secure the lien. Plaintiffs, being neither original contractors, journeymen, nor day-laborers, were bound to file their claim within *four* months, which they failed to do. The requirements of the statute must be met, or no lien attaches; and all its conditions must be performed to secure its benefits. Phil. Mech. Lien (2 Ed.) sects. 18, 19; *Ex parte Schmidt*, 52 Ala. 256; *Parker v. Anthony*, 4 Gray (Mass.) 289; *Greenough v. Nichols*, 30 Vt. 768; *Wager v. Briscoe*, 38 Mich. 587.

II. Gapen, at the time of the contract, had ceased to be the owner of the property, and the holder of the title. He had conveyed it away by deed of trust. Philips on Mech. Liens (2 Ed.) sect. 74.

III. Plaintiff's lien could not reach beyond Gapen's interest in the property, which was but a mere equity of redemption. This was foreclosed under the deed of trust. Phil. Mech. Liens, sect. 67; *Otley v. Havillard*, 36 Miss. 19; *Crandall v. Cooper*, 62 Mo. 478; *Haeussler v. Thomas*, — Mo. App. 463; *Monroe v. West*, 12 Iowa 119; *Getchell v. Allen*, 34 *Id.* 559.

IV. It was not competent for the court to direct a sale and removal of the building. Its removal would be equivalent to its destruction. The statute contemplated no such sacrifice. *Conrad v. Starr*, 50 Iowa 470; *O'Brien v. Pettis*, 42 Iowa 293; *Jessup v. Stone*, 13 Wis. 466; *State v. Emerson*, 39 Mo. 80; *Connor v. Railroad*, 59 Mo. 288; *State v. Divelling*, 66 Mo. 375; Potter's Dwarris Stat. 138, 143, 144.

V. It was error to declare plaintiff's lien superior to defendant Perkins' title.

CROSBY ● JOHNSON, for the respondent.

I. Plaintiff was an original contractor, and entitled to six months to file his account. There are but two

kinds—the original and sub-contractor. The original contractor is not required to give any notice before filing his lien: because the owner is presumed to know the state of account between them. Not so, however, as to the sub-contractor. *Kling v. Railroad Const'n Co.*, 7 Mo. App. 410; *Hearne v. Railroad*, 53 Mo. 324; *Fulton v. M. & S. Co.*, 80 Mo. 265; *Page v. Bettes*, 17 Mo. App. 366; sects. 3190–91, Rev. Stat.

II. To make one a sub-contractor his contract must be with a person other than the owner. *Cole v. Barron*, 8 Mo. App. 509; *Scott v. Cook*, 8 Mo. App. 193; *Kling v. Railroad Const'n Co.*, 7 Mo. App. 410.

III. A grantor in a trust deed remains so far the owner of the premises that he can bind it to the extent of his interest by building contracts. *Crandall v. Cooper*, 62 Mo. 478; sect. 3174, Rev. Stat.

IV. The *improvement* is the primary object which confers the lien, and the *land* is added thereto as an incident when it belongs to the "owner or proprietor." *Hodzhour v. Meer*, 59 Mo. 434. The lien on the building is superior to a prior deed of trust. *Stebel v. Siemon*, 52 Mo. 63; *Crandall v. Cooper*, *supra*. The building may be sold *independent* of the land. *K. C. Hotel Co. v. Sauer*, 65 Mo. 279; *Stebel v. Siemon*, 72 Mo. 526.

V. Brick buildings are subject to sale and removal as well as others. Sect. 3124, Rev. Stat.; *Hotel Co. v. Sauer*, *supra*. There is no exception in the statute. *State v. Gammon*, 73 Mo. 421; *State v. Heman*, 70 Mo. 441.

VI. The court cannot take judicial notice that a brick building cannot be removed without destroying it. Bliss on Code Pleading, sect. 187; *Dixon v. Nicols*, 39 Ill. 372.

ELLISON, J.—Defendants Wilmott and Perkins are the appellants here, and they insist that plaintiff is not an original contractor, as contemplated by the statute, and that he had only four months in which to file his

lien for the material which he furnished. As the material was furnished more than four months, though within six, next before filing the lien, it is claimed plaintiff has lost his right, by the lapse of the four months.

The statute, section 3172, gives the lien to mechanics or other persons, who may perform labor or furnish material, on a contract with the owner, trustee, contractor, or sub-contractor. If the contract to labor, or to furnish material, is with the owner, it is an original contract; and the contractor of the labor, or material, is an original contractor, and under section 3176 has six months in which to file his lien. I think this is the common sense of the statute, and the object intended is borne out by this interpretation. I do not include in this statement journeymen and day laborers, as it is not necessary to a decision of this case.

It is contended by appellants that the term original contractor, as used in the statute, has reference solely to those who may do service, by way of work, labor, or superintendence, upon the building.

The point is not well taken. It has been specially ruled by our supreme court, that a material man may be an original contractor, and that he is, in fact, such contractor, if he furnish the material on a contract with the owner. *Hearne v. Ry. Co.*, 53 Mo. 324.

It is next contended by defendants that as Gapen had given a deed of trust on the property before his contract with plaintiff he was not the owner. This objection is met by the provisions of the statute itself. Sects. 3174 and 3192. It has been frequently held in this state that the mortgagor or grantor in a deed of trust was regarded as the owner of the estate until entry for condition broken. *Kennett v. Plummer*, 28 Mo. 142; *Woods v. Hildebrand*, 46 Mo. 284.

Notwithstanding the deed of trust from Gapen to defendants Wilmott and Perkins ante-dates the fur-

nishing of the material here sued for, still plaintiff has a right to enforce his lien against the *building* into which his material was placed, and that is all his judgment includes. Rev. Stat., sect. 3174; *Crandall v. Cooper*, 62 Mo. 478, 480.

The next objection is, that as the building against which the judgment was rendered is built of brick, and cannot be removed, the lien cannot be enforced against it, it being contended, with much force and earnestness, that the statute could not have intended a remedy which would result in the destruction of the property charged. There are Iowa authorities sustaining this view; our opinion is not in accord with those authorities.

Before a building can be removed, it must first have been purchased at an execution sale under a judgment enforcing the lien. The purchaser at such sale becomes the owner thereof with the power of removal within a reasonable time. If there results a destruction of prop erty, it is the loss of the purchaser and does not harm any other person. If one purchasing property at execution sale, or otherwise, discovers it is so situated that he cannot use it, it is with him whether he will remove the building bodily to some other location, or whether he will take it down and use the material. This we regard as the proper construction of our statute; any other rule would be of very uncertain character in its results.

A brick building might be so situated or constructed that the material of which it is composed would be more valuable than the building itself.

It may be, a building or improvement could be so connected with other property that its removal would work great injury or destruction to that property. What remedy would be available in such a case, is not necessary here to consider. It is enough that our statute gives the lien on "any building," without exception as to kind; and that the construction herein given to it is, n our view, more consistent with reason, and less hurt-

ful in its results than would be the rule contended for by defendants.

The judgment is affirmed. All concur.