FATHMAN & MILLER PLANING MILL COMPANY, Appellant,
v. HENRY A. CHRISTOPHEL *et al.*, Respondents.

St. Louis Court of Appeals, December 18, 1894.

1. **Mechanics' Liens:** INTERMINGLING OF ACCOUNTS: WAIVER OF
DEFENSE. When a lien account and a petition for the enforcement of
the lien segregate the items for the premises sought to be charged from
a general account for these and other matters, the admission of
the correctness of the account is a waiver of the claim that the lien
was lost by an intermingling of accounts.

2. ———: PAYMENT FOR LAND BY HUSBAND OF GRANTEE: RESULTING
TRUSTS. A resulting trust is not established by the payment of
the purchase price of land by the husband of the grantee, and, there-
fore, such payment will not render the premises chargeable with a
mechanic's lien for an improvement erected thereon under a contract
with him.

3. ———: SUBJECTING BUILDINGS ALONE TO LIENS. With the excep-
tions made by statute, there can not be a mechanic's lien on a
building apart from the land on which it is erected. Accordingly,
when materials are supplied under contract with a husband for a
building erected by him on the land of his wife, a lien can not be
maintained therefor against the building alone, though it is occupied
by both jointly as a homestead, and was thus erected with her knowl-
edge and without objection by her.

*Appeal from the St. Louis City Circuit Conrt.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Robert L. McLaren* for appellant.

(1) There was no mingling of accounts, such as to
avoid the lien. *Washerman v. Young*, 49 Mo. 413;
*Ridge v. Mercantile L. & T. Co.*, 56 Mo. App. 155;
*O'Brien v. Hanson*, 9 Mo. App. 545; *Kauffman & Wil-*

*kinson v. Christophel*, 59 Mo. App. 80. (2) There was no waiver of lien by taking Christophel's note as an accomodation loan. *Selby v. McCullough*, 26 Mo. App. 66–72; *Peck v. Bridwell*, 10 Mo. App. 524; *Gorman v. Sagner*, 22 Mo. 137; Phillips on Mechanics' Liens, sec. 283. (3) Appellant was entitled to a lien on the house, with the right to remove same. *Jodd v. Duncan*, 9 Mo. App. 417; *O'Brien v. Hanson*, 9 Mo. App. 545; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 288; *Fisher v. Anslynn*, 30 Mo. App. 316; *Kline v. Perry*, 51 Mo. App. 422; *Seaman v. Paddock*, 51 Mo. App. 465; *Rall Bros. v. McCreery*, 45 Mo. App. 365; *Holland v. McCarthy*, 24 Mo. App. 90. (4) The husband, being in possession of the lot by virtue of his martial rights, was such "proprietor or owner" as would entitle him to make a contract in his own name for the erection of a building, and such contract would bind the building but not the ground. R. S. 1889, sec. 6726; *Kline v. Perry*, 51 Mo. App. 422; *Seaman v. Paddock*, 51 Mo. App. 465; *Crandall v. Cooper*, 62 Mo. 478; *Ambros Mfg. Co. v. Gapen*, 22 Mo. App. 397; *Chambers v. Benoist*, 25 Mo. App. 523.

*Rassieur & Schnurmacher* for respondents.

(1) The facts in this case disclose that the property improved was purchased in the name of Mrs. Stillwell prior to the commencement of the building. The mere fact that the money came from Mr. Stillwell does not create any trust in his favor. The rule that a resulting trust arises where property is purchased with money of one party, while the title is taken in the name of another, has no application between husband and wife or parent and child. A purchase in such cases will be regarded as a gift or an advancement. *Ilgenfritz v. Ilgenfritz*, 116 Mo. 429; *Price v. Kane*, 112 Mo.

412; *Schuster v. Schuster*, 93 Mo. 438; *Siebold v. Christmann*, 7 Mo. App. 254.   (2) Plaintiff failed to preserve the unity of its demand against the contractor Christophel.   By charging the materials delivered to the Stillwell house on general account, with materials delivered to other houses, considerable of which it could not trace at all; by giving general credit for payments made, and not on any specific demand; by accepting Christophel's notes generally and receiving payments on account thereof generally, it waived its right to the lien afforded by the statute.   *Lumber Co. v. Robinson*, 5 Mo. App. 561; *Reitz v. Ghio*, 47 Mo. App. 287.   (3) It is not claimed that there was any evidence in this case establishing an agency on the part of defendant, Robert Stillwell, to act for his wife.   His curtesy in the property, not being a vendible interest, is not sufficient to support a lien claim.   *Fischer v. Anslyn*, 30 Mo. App. 316.   Therefore there was no proof of a contract between Christophel and any person interested as owner or proprietor of the land, which is a prerequisite to a lien right.   (4) The case of *Kline v. Perry*, 51 Mo. App. 422, relied on by plaintiff for a lien against the building alone, is not supported by the authorities, but is at variance with them.   *Ranson v. Sheehan*, 78 Mo. 668.

BIGGS, J.—The defendant Christophel erected a dwelling house for his codefendant Robert T. Stillwell. The legal title to the lot on which the house was built was in the wife of Stillwell.   Christophel bought some of the materials for the building from the plaintiff, and failed to pay for them.   The plaintiff filed a mechanic's lien against the lot and building, and this action is against Christophel for the debt and also to enforce the lien.   Christophel made no defense.   The Stillwells made several defenses against the enforcement of the lien.   It was contended by them that, at the time the

plaintiff furnished Christophel the materials in question, it was selling like merchandise to him for other houses; that it failed to keep the several accounts separate, but mingled them in such a way as to make it impossible to segregate the various items and determine with any accuracy the materials which went into the various houses; and that the plaintiff had taken notes from Christophel in settlement of the account, and that the notes were outstanding. It was also claimed that the lien could not be enforced, for the reason that the contract for the construction of the house was made with Robert T. Stillwell, who had no proprietary interest in the lot upon which the improvement was made. Under the instructions of the court the plaintiff was compelled to submit to a nonsuit as to the enforcement of the lien. Judgment for the debt was entered against Christophel. The plaintiff has appealed.

After the jury was sworn, Stillwell's counsel made the following admission: "We will not require the plaintiff to prove that it furnished the millwork, and that Christophel used the millwork in the construction of this house. I shall not even require it to prove anything about the value." This admission is broad enough to do away with the objection as to the mingling of the various accounts. The plaintiff, both in his lien paper and petition, segregated from the general account the particular items, which it alleged had gone into the building in question. The defendants admitted that the account, as stated, was correct. This defense may, therefore, be put aside.

The cross-examination of the plaintiff's bookkeeper tended to prove that, during the time the materials were being furnished for the Stillwell house, Christophel executed his note to plaintiff for $1,500, due in thirty days; that at the time Christophel owed plaintiff $2,300 on account of materials furnished for

the various houses, including Stillwell's; that his account was credited with the amount of the note; that the note was discounted at the bank, and, Christophel failing to pay it at maturity, it was taken up by plaintiff and the amount charged back to Christophel's account; that afterwards Christophel gave another note for $800, for which he received credit on the books; that he likewise failed to pay it, and that, prior to the trial, plaintiff had returned it to him and charged the amount back to him on the books. The bookkeeper also testified that the notes were not intended or accepted as part payments of the account, but were given merely as an accommodation to enable plaintiff to borrow money on them, and that Christophel was to receive absolute credit only upon their payment. In this he is corroborated by the plaintiff's books. There was no contradictory proof. Therefore, we assume that the transaction concerning the notes in no wise influenced the circuit court in directing a nonsuit as to the lien.

The controversy as to the lien hinges on the remaining defense. It was admitted on the trial that the legal title to the lot is in Mrs. Stillwell; that the deed conveyed to her an ordinary estate; that Stillwell paid for the lot, and also furnished the money to pay for the house; that the contract for building this house was made with Stillwell individually; that Mrs. Stillwell knew that the house was being built and made no objection, and that she and her husband, together with their child, were occupying it as a homestead. In perfecting the lien, and also in framing the petition, Stillwell was regarded as the equitable owner of the lot, for the reason that he furnished the money to pay for it. This position, however, the plaintiff abandoned on the trial, it being well settled that in such a case there is no resulting trust in favor of the husband, it appearing merely that he furnished the purchase money.

*Ilgenfritz v. Ilgenfritz*, 116 Mo. 429; *Price v. Kane*, 112 Mo. 412; *Schuster v. Schuster*, 93 Mo. 438.

The contract being with Stillwell alone, the plaintiff now concedes that he is not entitled to a lien on the lot. This is quite clear, for Stillwell's interest was that of curtesy intitiate, and as in this state such an interest can not be sold under an execution against the husband (R. S. 1889, sec. 6868), it stands to reason that it can not be subjected to a mechanic's lien. *Fisher v. Anslyn*, 30 Mo. App. 316; *Spinning v. Blackburn*, 13 Ohio St. 131. But the plaintiff insists that the lien should be enforced against the house alone, with the right of removal by the purchaser. In the case, *Kline v. Perry*, 51 Mo. App. 422, which presented a similar state of facts, the Kansas City court of appeals seems to have held that view. The only difference between that case and this is that there the husband collected and appropriated the rents for the improved premises, instead of using them as a homestead as in the present case. This construction of the mechanics' lien statute is, in our opinion, contrary to a long line of decisions in this and other states, and is opposed to the fundamental principles which underlie all such statutes. The purport of the decisions is that there can be no lien apart from the land itself (*Ranson v. Sheehan*, 78 Mo. 668; *Williams v. Porter*, 51 Mo. 441; *Wright v. Beardsley*, 69 Mo. 548) and that to authorize a lien, the improvements must be such as to become a part of the realty, thereby adding to its value. Thus trade fixtures are not subject to such a lien, for the reason that they remain chattels notwithstanding the annexation. It, therefore, follows logically that to entitle a mechanic or material man to a lien, it must appear that he did the work or furnished the materials under a contract, either directly or remotely with the "owner or proprietor" of the land upon which the

building or other improvement was erected. *Squires v. Fithian's Adm'r*, 27 Mo. 134. The only exception is when improvements have been made on leased premises under a contract with the lessee. In such a case the statute provides for the enforcement of the lien against the building alone, and its removal by the purchaser. R. S. 1889, sec. 6708.

In support of its decision the Kansas City court of appeals cites the cases of *Crandall v. Cooper*, 62 Mo. 478; *Ambrose Mfg. Co. v. Gapen*, 22 Mo. App. 397; *McAdow v. Sturtevant*, 41 Mo. App. 229. The case of *Crandall v. Cooper* arose out of a controversy between the purchaser of an equity of redemption in the land and the purchaser of a building at a foreclosure of a lien judgment. The improvements were erected at the instance of the *mortgagor*, and the judgment of the court, which was in favor of the purchaser of the building, was based upon the section of the statute which gives the mechanic's claim as to the building priority over existing mortgages on the land, and warrants the sale and removal of the building from the mortgaged premises. R. S. 1889, sec. 6707. In the case of *Ambrose Mfg. Co. v. Gapen, supra,* the contract for the building was made with the *mortgagor*. In a contest between the material man and the mortgagee, it was held that the lien against the house was superior to that of the mortgage, and that, under the express sanction of the statute, the house could be sold under the lien judgment, and removed by the purchaser. The case of *McAdow v. Sturtevant* also arose on conflicting demands of a mortgagee and lienor.

These case all show that the contracts for improvements were made with someone having a proprietary interest in the land itself, and they, therefore, furnished no authority for the ruling of the Kansas City court of appeals. The only other case referred to is that of *Kansas City Hotel Co. v. Sauer*, 65 Mo. 288. There the con-

tract for the building was made with the *owner* of the land, but the lien failed as to the land by reason of an imperfect description of it in the lien paper. The supreme court, however, sustained the lien as to the house, and held that it could be sold and removed. That case, however, is likewise no authority for the conclusion reached in the case of *Kline v. Perry.* But, if it was, the supreme court, in the more recent case of *Ranson v. Sheehan, supra,* has receded from the ruling and returned to the doctrine of the earlier cases. In the *Ranson case,* as in the *Sauer case,* the description of the land was insufficient. "The lien on the building," said the court in the *Ranson case,* "is made to depend on the lien on the acre of ground to prevent difficulties and embarrassments, which would inevitably rise out of a construction that would permit one man to sell and own the building, while another owned the ground on which the building stood. The only case provided by statute for the removal of the building from the land by the purchaser under the mechanic's lien being in the instance of prior incumbrances and mortgages, and in case of leaseholds, the inference is that the legislature did not contemplate *any other contingency under which the building might be separated from the land;* and, as without the right of separation the lien on the building alone would be of little avail, such separate lien was not in the legislative mind in enacting the statute." This is the last ruling of the supreme court on the question, and it is manifest that the conclusion reached by the Kansas City court of appeals in *Kline v. Perry* is diametrically opposed to the views of the supreme court.

Our conclusion is that the instruction for nonsuit was proper, and the judgment of the circuit court will, therefore, be affirmed. All concur.