J. A. MAYES, Appellant, v. E. A. MURPHY et al., Defend-
ants; L. S. BUSSELL, Respondent.

St. Louis Court of Appeals, March 1, 1902.

1. **Mechanics Lien:** DESCRIPTION OF PROPERTY: STATUTORY
CONSTRUCTION. Section 4203, Revised Statutes 1899, gives a lien
upon the buildings and the land belonging to the owner, on which
the buildings are situated, to the extent of one acre and no more.
(Kansas City Hotel Co. v. Sauer, 65 Mo. 279, is overruled by
Ransom v. Sheehan, 78 Mo. 668.)

2. ——: ——: ——. A mechanic's lien can not be main-
tained against the building when the lien against the land was
filed through an inaccurate description. (Planing Mill v. Chris-
tophel, 60 Mo. App. 106.)

Appeal from Greene Circuit Court.—*Hon. James T. Neville,*
Judge.

AFFIRMED.

*M. C. Smith* for appellant.

(1) The petition sufficiently sets out an itemized ac-
count of plaintiff's claims fully showing the character of work,
time employed, when the work was done, the contract price per
day, together with all credits and amount due. Girl's Indus-
trial Home v. Fritchey, 10 Mo. App. 344; McDermott v. Claas,
104 Mo. 14. (2) The petition fully alleges all that is neces-
sary to enforce a mechanic's lien against defendant L. S. Bus-
sell's land. It is not necessary to describe in the petition or
statement the exact acre on which the buildings are located,
where there is no controversy between third parties, as in this
case. It is sufficient if enough appears in the description to

enable one familiar with the locality to identify the premises with reasonable certainty. The description of the buildings and land as set out in the petition is sufficient to enable the court by commissioners, or otherwise, to make the acre upon which the buildings are located, certain and exact in every respect. Rall Bros. v. McCrary, 45 Mo. App. 365; Oster et al. v. Rabenau, 46 Mo. 595; Holland v. McCarty, 24 Mo. App. 82. (3) If the description of the land be too indefinite and uncertain to authorize the finding of a lien against it, the description of the dwelling house and barn, as set out in the petition, is sufficient to justify a lien against the buildings, there being no controversy with third parties, as in this case there is none. Rall Bros. v. McCrary, 45 Mo. App. 366; Kansas City Hotel Co. v. Saner, 65 Mo. 279.

*T. J. Murray* for respondent.

(1) The ruling of the lower court was correct in sustaining defendant's objection to the introduction of any evidence under the petition. Andrews v. Lynch, 27 Mo. 167; Mumford v. Keet, 65 Mo. App. 502. (2) The petition must contain a just and true account, itemized so as to show on what building the labor was performed, when performed and the price charged. A lumping item of the whole work on the one hand and credits on the other do not comply with the law, especially when plaintiff alleges he only worked seventy-two days during the term of two hundred and forty-seven days. R. S. 1889, sec. 4207; R. S. 1889, sec. 4221; Rude v. Mitchell, 97 Mo. 365.

BLAND, P. J.—Omitting caption, the petition is as follows:

"The plaintiff, J. A. Mayes, says that the defendant, E. A. Murphy, is indebted to him in the sum of ninety-three dollars for labor performed by plaintiff at the request of and un-

der contract with said defendant, E. A. Murphy, as per the following account, to-wit:

"1900, Dec. 21.
"To 72 days labor performed by said J. A. Mayes at
      $1.50 per day ...........................$108.00
"By cash paid .... ......................... 15.00

      "Balance due J. A. Mayes ............ 93.00

"Said labor was performed between the eighteenth day of April, 1900, and the twenty-first day of December, 1900, the last work being done by said J. A. Mayes under said contract was on the twenty-first day of December, 1900.

"Said labor of J. A. Mayes was performed in building and constructing a certain one-story frame dwelling house, and one frame barn and basement, situated on the following described land, to-wit: The southeast quarter of the southeast quarter of section No. 26, in township 31, in range No. 20, in said Greene county, State of Missouri.

"That said described land and property was at the time and times said labor was performed, and now is, the land and property of said defendant, L. A. Bussell. That said buildings and improvements were made and constructed under a contract between said defendant, E. A. Murphy, and L. A. Bussell, the owner of said property. Said debt for said labor became due on the twenty-first day of December, 1900, and defendant, E. A. Murphy, though requested, refuses and neglects to pay the same.

"That plaintiff on the eighteenth day of February, 1901, filed said account in the office of the clerk of the circuit court within and for the county of Greene, State of Missouri, duly verified by affidavit, giving a description of the property to be charged with the lien, stating the amount due, after all just credits had been given, and setting forth that defendants, L. A.

Bussell was the owner of said property and defendant, E. A. Murphy, the contractor.

"That more than ten days prior to the filing said account and lien to-wit: on the seventh day of February, 1901, plaintiff gave said defendant, L. A. Bussell, notice in writing that he held a claim against said buildings and improvements, stating therein the amount claimed, and that the same was due him from said E. A. Murphy, the contractor.    Wherefore, plaintiff prays judgment for the sum of $93, with interest thereon from December 21, 1900, and costs, and that same may be declared a lien against the property above described."

The answer was a general denial and three separate affirmative defenses.

At the trial defendant, who was the owner of the land, objected to the introduction of any testimony for the reason that the petition failed to state any cause of action and failed to describe the land on which the buildings are located, which objection was by the court sustained and the plaintiff took a nonsuit with leave to set same aside.   The motion to set aside the nonsuit was overruled whereupon he appealed.    There was a personal judgment against the contractor, who took no appeal.

The statute (section 4203, R. S. 1899) gives a lien upon the building and the land belonging to the owner on which the buildings are situated, to the extent of one acre and no more.   There is no attempt in the petition to describe the acre upon which the building is situated.   Appellant contends that notwithstanding this he was entitled to a lien upon the building alone, and relies upon the case of the Kansas City Hotel Co. v. Sauer, 65 Mo. 279.   This case was mutely overruled by the case of Ransom v. Sheehan, 78 Mo. 668, in which it is held that a mechanic's lien can not be maintained against the building where the lien against the land has failed through an inaccurate description, followed by a well considered opinion

by BIGGS, J., in the case of Planing Mill v. Christophel, 60 Mo. App. 106.

The petition stated no cause of action and the judgment is affirmed. *Barclay* and *Goode, JJ.*, concur.