# SUPREME COURT

OF THE

# STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1877.

---

.KANSAS CITY HOTEL COMPANY v. SAUER, APPELLANT.

1. **Answer**: ADMISSION: EVIDENCE; MEASURE OF DAMAGES. In a suit on an indemnifying bond, the allegation in the petition that plaintiff had been compelled to pay, and had paid $500 for attorney's fees, costs and expenses in defending the subject of the bond, is such an allegation of fact as, unless denied by the answer, will be deemed admitted, and will be held a true statement of the amount of loss actually sustained.

2. **Dissolved Corporation, Suit by**: JEOFAILS. Where the answer shows that the plaintiff was a corporation at the date of the contract sued on, the fact that it has subsequently become dissolved, will not avail to reverse a judgment rendered in its favor, the defect being a formal one at most.

3. **Corporation**: DISSOLUTION OF. Sale of its property and cessation of active business, do not *per se* accomplish the dissolution of a corporation.

4. **Mechanics' Lien against Building alone**: A mechanics' lien may be enforced against a building alone, although the owner of the building is also the owner in fee of the land on which it is erected. A judgment against "the following described real estate, to-wit: the Nelson House building situated on lots 27 and 30, etc.," is effectual to enforce a mechanics' lien against the building.

6. **Indemnifying Bond**: MEASURE OF DAMAGES; ATTORNEY'S FEES. In an action on a bond conditioned to save plaintiff harmless from certain mechanics' lien claims, defend all suits and pay all judgments that might be rendered thereon, and release the property sought to be subjected to such claims from the lien of such judgments, before said property should be advertised for sale, or plaintiff should be annoyed by execution, plaintiff may recover as damages all expenses, attorney's fees and costs incurred by him in consequence of a sale of said property under an execution issued to enforce such liens, and in proceedings to set aside such sale.

*Appeal from Jackson Circuit Court.* — HON. SAMUEL L. SAWYER, Judge.

*John C. Gage* for appellant.

I. The theory that defendant is precluded by his execution of the bond to plaintiff from denying the corporate existence of plaintiff is unsupported by the authorities. What is said in *St. Louis v. Shields*, 62 Mo. 247, on that subject, is a mere dictum. The authorities sustain the following propositions:

1. It is always competent for a defendant when sued by a corporation plaintiff, either as a wrong doer, or upon contract executed by the defendant with the plaintiff, as such corporation, to plead *nul tiel* corporation.

2. Upon such plea the burden of proof is upon the plaintiff to prove that it is a corporation by producing its charter or what is equivalent, and proving *user* thereunder.

3. If the charter be a public statute, or the corporation be formed under a general law of the State, in which the suit is brought, the court will take judicial notice thereof, but not otherwise, and if the corporation be formed under general law by some such act as the filing of articles with some public officer, which act is made by law a public act of which the court trying the case takes judicial notice, then such proof is dispensed with; otherwise it is indispensible.

4. Slight proof of *user* only is required in such cases,

the mere act of executing the contract sued on being some-
times held sufficient.

5. The plaintiff having thus proved its charter and *user*
thereunder, the defendant is estopped by his contract, if the
action is upon a contract with the plaintiff as a corporation,
from proving any informality, irregularity or defect in the
organization of the alleged corporation under his plea.

6. The courts are greatly divided on the question
whether the plea of the general issue in such case imposes
upon the corporation plaintiff the burden of proving that
it is a corporation.   See in support of the foregoing : *Wel-
land Canal Co. v. Hathaway,* 8 Wend. 480;  *U. S. Bank v.
Stearns,* 15 Wend. 314;  *Meth. Epis. Un. Church v. Pickett,*
19 N. Y. 482;  *Eaton v. Aspinwall,* 19 N. Y. 121;  *Lessee of
Frost v. Frostburg Coal Co.,* 24 How. 278;  *Bank of Utica v.
Smalley,* 2 Conn. 778;  *Bill v. Pres., &c. G. W. T. Co.,* 14
Johns. 415;  3 Hawks 520;  *Carey v. Cin. & Chic. R. R.,* 5
Clark (Ia.) 357;  *Appleton Mut. F. Ins. Co. v. Jesser,* 5 Allen
446;  *Heaston v. Cin. &c. R. R.,* 16 Ind. 278;  *Nat. F. Ins.
Co. v. Yeomans,* 8 R. I. 33;  Grant on Corp. 293;  *State v.
Carr,* 5 N. H. 371;  *Pres. &c. v. Thompson,* 20 Ills. 200;
*Hamilton v. Carthage,* 24 Ills. 22.  *Kayser v. Bremen,* 16 Mo.
88 is not opposed to these.

II.  The third instruction of plaintiff, which declared
that it is entitled to recover the attorney's fees and costs
alleged to have been paid out by it on the motion to set
aside the sales of the property under the executions in the
mechanics' lien cases, is erroneous.   The judgments in the
lien cases being rendered against plaintiff's property, and
executions being issued against its property, it was plain-
tiff's duty to pay them. Defendant had agreed to pay them,
but this agreement did not relieve the plaintiff from its
duty.   When the defendant failed to pay, plaintiff ought to
have paid, and relied upon the bond for reimbursement.  It
had no right to stand by and see the property sold.  The
case of *Hahn v. Hirt,* 61 Mo. 496, sufficiently establishes
that the attorney's fees could not be recovered as damages

upon this bond, and the case of *Sangford v. Sanger*, 40 Mo. 160, is exactly in point in holding that the allegations of the petition regarding these fees and costs were mere surplusage, and that the failure of defendant to deny the same amounts to no admission of liability therefor.

*W. E. Sheffield* for appellant.

I. The petition in each of the mechanics' lien cases, offered in evidence, alleges (and it is not denied in the answer) that the plaintiff was the " owner of said described real estate, being lots 27 and 30 and 40 feet off south side of lot 26 in block 3, old town, &c.), and the said hotel building situated thereon, etc.," but the judgment in each of those cases offered in evidence was the enforcement of the liens " against the following described real estate, to-wit : The Nelson house building, situated on lots, &c. ;" hence the judgment does not give the lien against the lots, but only the building, and authorized the sale of the building only. The mechanics' lien law nowhere authorizes a judgment for a lien against a building only, where the land upon which it is situated is owned by the owner of the building. Sec. 1 of Art. 3 of Chap. 88 of Wag. Stat. p. 907 provides that every mechanic, &c. * * upon complying with the provisions of this chapter, shall have for his work or labor done * * * a lien upon such building, erection or improvement, and upon the land belonging to such owner or proprietor upon which the same is situated, &c. And Sec. 2 provides that the entire land, &c., shall be subject to all liens created by this chapter to the extent of all the rights, title and interest owned therein by the owner of such building, &c. By Sec. 3 it is provided that the lien shall attach to the building in preference to any prior lien upon the land, and in such case the person may have such building sold under execution and removed within a reasonable time thereafter. In such case, and by Sec. 4, in case of leasehold property, it is specially provided

for a sale and removal of the building, but in no case can there be a judgment against the building, a sale and removal thereof, where the proprietor owns both the building and the land unincumbered at the time the lien attaches. *Bridwell v. Clark*, 39 Mo. 170.

II. Plaintiff could have paid the judgments, if they were binding upon its property, when they were rendered, and should not have permitted its property to be advertised and sold thereon, and costs to be made simply for the purpose of increasing the damages against defendant. Therefore it is not entitled to recover as its damages the amount paid out and expended in costs and attorney's fees in prosecuting the proceedings to set aside said sale. *Gadsden v. Bank of Georgetown*, 5 Richardson (S. C.) L. 336. Moreover, there was no evidence whatever as to the amount of costs and attorney's fees paid by plaintiff.

III. The court erred in refusing the instruction asked by defendant, " That if the evidence shows that the plaintiff had, prior to the commencement of this suit, suffered acts to be done which had the effect to destroy the end and object for which it was created, it was equivalent to a surrender of its rights; and that if plaintiff was originally incorporated for the sole purpose of purchasing and holding the necessary real estate on the north-east corner of Main and 2nd streets in the city of Kansas, Mo., and in erecting and completing a hotel building thereon, managing and controlling said property, leasing and renting the same from time to time for hotel and other purposes; and that plaintiff, before the commencement of this suit, sold and conveyed all of its interest in and to the real estate mentioned in its articles of association, and the hotel building which it had commenced thereon; and that thereupon and before the commencement of this suit plaintiff had abandoned the enterprise of building a hotel at the place designated in its articles of association, then it became unincorporated, and plaintiff could not maintain an action in

its corporate name." See *Moore v. Whitcomb*, 48 Mo. 543; *Slee v. Bloom*, 19 John. 456.

*Brown & Case* for respondent.

I. (a) Appellant having executed the agreement and bond sued on directly to respondent as a corporation, and during the pendency of this suit had business transactions with it as such corporation, thereby solemnly admitted its corporate existence and is estopped from denying it. *Nat. Ins. Co. v. Bowman*, 60 Mo. 252; *Farmers & Mer. Ins. Co. v. Needles*, 52 Mo. 17; *St. Louis v. Shields*, 62 Mo. 247.

(b) Even though appellant had not, by his said acts, been estopped from denying the existence of said corporation, yet, the court below, in that case, properly refused appellant's 5th instruction, because: 1st, A sale of respondent's said hotel property did not dissolve the corporation. 41 Mo. 563; 40 Mo. 140. 2nd, Nor did respondent's cessation of active business operate as a dissolution of the corporation so as to deprive it of its right of action. 57 Mo. 446.

II. (a) The final judgments in the lien cases were not void, but valid, against said hotel building, under Sec. 3, Art. 3, Chapter 88, Wag. Stat., and the record of said judgments and executions, with the officer's return, were properly admitted in evidence.

(b) Even though the said final judgments were irregular, yet, the court that rendered same, having complete jurisdiction, they were binding until set aside in a direct proceeding, and a sale under said executions issued thereon made a valid title. *McNair v. Biddle*, 8 Mo. 257; *Castleman v. Relfe*, 50 Mo. 583; *Martin v. McLean*, 49 Mo. 361; *Wilkinson's Appeal*, 65 Pa. St. R. 189; *Cooper v. Reynolds*, 10 Wall. 308.

III. (a) The allegations in said 5th breach "that by reason of defendant's failure to pay said lien debts, plaintiff, in order to protect the title to said hotel property, was compelled to and did pay out in expenses, attorney's fees

and costs, the aggregate sum of five hundred dollars, in the proceedings had on plaintiff's motions against Borgstede, said purchaser, to have said sale set aside," not being denied by the answer, the same and respondent's measure of damages, as to said breach, stood confessed, and the court below found and assessed the damages properly on said 5th breach. Wag. Stat., Chap. 110, Art. 5, Sec. 36; *Butcher v. Death,* 15 Mo. 271; *Reveley v. Skinner,* 33 Mo. 98.

(b) The sale of the hotel property being the direct consequence arising from the failure of appellant to pay said judgments, the expenses incurred by respondent, in prosecuting its motion to set aside said sale, were necessary to protect the title to said property, and the amount so paid out is respondent's proper measure of damages under the said 5th breach assigned. *Atherton v. Williams,* 19 Ind. 105; *Haven v. Wakefield,* 39 Ills. 509; *Robinson v. Varnell,* 16 Texas 382; *Burk v. Clements,* 16 Ind. 132; Sedgwick on Dam. (3rd ed.,) 178; *Pitkin v. Leavitt,* 13 Vt. 379; *Keeler v. Wood,* 30 Vt. 242; *Smith v. Sprague,* 40 Vt. 43; *Sweet v. Patrick,* 12 Maine 9; *Robertson v. Lemon,* 2 Bush. (Ky.) 301; *McAlpin v. Woodruff,* 11 O. St. 120; *Staats v. Executors,* 3 Caines 111; *Kipp v. Brigham,* 7 Johns. 167; *Smith v. Compton,* 3 Barn. & Adol. 407; 23 E. C. L. 184; *Pennell v. Woodburn,* 7 Carr. & P. 117; 3 Bingh. N. C. 462; *French v. Parish,* 14 N. H. 496; *Levitzky v. Canning,* 33 Cal. 299; *Johnson v. Meyers,* 34 Mo. 255; *Allen v. Blunt,* 2 W. & M. (U. S. C. C.) 146; *Harding v. Larkin,* 41 Ills. 413. Plaintiff is free from any charge of standing idly by, and allowing damages unnecessarily to accumulate. It had a right to rely upon defendant's covenant that he would pay said lien judgments before a sale.

SHERWOOD, C. J.—Action on bond given by defendant to plaintiff, conditioned that former would save latter harmless from any claim or demand against plaintiff or its hotel property, by reason of any liability incurred by, or

through four several mechanics' liens, defend all suits that might be pending or thereafter brought by the claimants under such liens, pay off, discharge and satisfy any and all such judgment, which might be recovered by such claimants against the plaintiff or its hotel property, and release said property therefrom before the same was advertised, or the plaintiff or any member of its company was annoyed by any execution, &c. The petition alleged that the claims covenanted against ripened into judgments enforcing the liens against the hotel property ; that, defendant failing to pay the judgments, the property was sold, and plaintiff, for the protection of its property, had to pay off the executions issued on such judgments, as well as costs, whereby it was damaged, &c. There were three counts in the petition, and five breaches in the first count. The substance of the four breaches has just been stated. The fifth breach related to expenses, attorneys' fees and costs accrued in consequence of the sale to Borgstede, which compelled plaintiff to pay $500 in proceedings by motions, &c., to set such sale aside, whereby plaintiff was damaged $1,000. It is immaterial to notice the second count, as the finding thereon was for the defendant. The third count was for joists which defendant failed to furnish. The answer contained several defenses : a dissolution of the corporation at time of action brought, and, after the bond was executed, the nullity of the judgments, executions, sales, etc. The finding of the court was for plaintiff on all the breaches in the first count; on the fifth one in that count in the sum of $500, the undenied allegation as to the amount paid out for attorneys' fees, &c., being taken as confessed. There was a finding for plaintiffs on the third count also.

I. We regard as correct the action of the lower court in holding the allegation of the payment of the $500 as confessed, and we have been unable to see 1. ANSWER: admission: evidence: measure of damages. why an allegation of the payment of this sort should not, in the absence of denial,

stand admitted as well as any other allegation of payment. Thus, if a surety in a promissory note should be compelled to pay $500 for his principal, and should, in an action for its recovery, allege the payment as a fact, this allegation, if undenied, must result in a judgment in the surety's behalf. It would be extremely difficult to distinguish that case from the one in hand in point of principle, or show why the allegation of payment remaining in the hypothetical case undenied, should be taken as *true*, while in the real one a similar allegation, likewise undenied, should, unless established by proof, be taken as *false*. We see no sound reason in such an attempted distinction. No doubt, there are many cases where allegations of value, amount of damages, &c., are immaterial and need no denial. But the allegation before us is that of a specific and material fact, which becomes none the less specific and material because no denial thereof be interposed. Very often, as well under the code as at the common law, the pleadings may be so shaped as to render that material which otherwise would not be so. This we regard as having been done in the present instance. The point now being discussed finds illustration in the case of *Marshall v. Thames Fire Ins. Co.* (43 Mo. 586). There, in order to a recovery, it need not to have been alleged that the steamer Magnolia was worth "more than all the insurance thereon," but this allegation, not being denied, was held admitted.

II. The pertinency of the citations relative to the plea *nul tiel corporation*, we are not able to see. The answer, by 2. DISSOLVED CORPORATION, SUIT BY: jeofails. alleging the dissolution of the corporation after the date of the bond or agreement declared on, necessarily admitted the fact of the corporate organization and existence at the execution of the contract declared on. If, since that time, the corporation had become unincorporate, the only effect thereof, under our statutes (Wag. Stat. 293, Sec. 21), so far as concerns the present action, would be, that suit would have to be brought by those who were its officers at the time of disso-

lution, as trustees of the corporation. But failing to sue in that way, can have worked the defendant no hurt, even if the corporation were really dissolved as averred, and therefore constitutes no ground for reversal. And if there were any formal defect in this particular, our statute of jeofails (2 Wag. Stat. pp. 1034 *et seq.*, sections 6, 19 and 20) would doubtless both suggest and supply a ready remedy.

III. The sale, however, of the hotel property by plaintiff would not *per se* accomplish its dissolution (*Hill v. Fogg*, 41 Mo. 563), nor would a dissolution of corporate existence be implied by mere cessation of active business. (*State Nat. Bank v. Robidoux*; 57 Mo. 446.)

<span style="font-variant: small-caps">3. CORPORATION: dissolution of.</span>

IV. The judgments and sales thereunder in the four mechanics' lien cases, covenanted against in the bond sued, were neither nullities nor void. It may be conceded that this description: " The following described real estate, to-wit, the *Nelson House Building*, situated on lots 27 and 30, and 40 feet off the south side of lot 26," &c., contained in all the proceedings for the enforcement of the liens from inception to termination, would not bind the lots mentioned. But those proceedings were not necessarily void. The hotel building was still bound, for under the chapter respecting mechanics' liens (section 3, p. 908, 2 Wag. Stat.), the lien may be enforced against the *building* alone, and the purchaser thereof at execution sale have reasonable time for its removal. And this right of enforcement against and removal of the building is not confined to leasehold property. The case of *Bridwell v. Clark* (39 Mo. 170), is based on the lien law applicable to St. Louis county alone, (Sess. acts 1856–7, p. 668,) and does not perhaps, when rightly considered, militate against the views just enunciated; and if it did, we regard our own exposition of the statute under discussion as the correct one. As the liens and the judgments, &c., enforcing them, were valid, so far as respects the hotel building, the conditions of the bond were obviously broken

<span style="font-variant: small-caps">4. MECHANICS' LIEN AGAINST BUILDING ALONE</span>

when the sale of the property occurred. The plaintiff assuredly was not saved harmless.

V. The only remaining inquiry is that relative to the plaintiff's measure of damages. *In the case of the State* to use, *&c. v. Beldsmeier,* (56 Mo. 226,) the bond was conditioned to prosecute the action " without delay and with effect    *    *    *    * and pay all damages that might accrue to any defendant or garnishee by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon "; and we held the defendant entitled to recover for any direct loss, damage or expense produced or occasioned " by reason of the attachment or any process or proceeding in the suit, or by reason of any judgment or process thereon," and that such language was sufficiently comprehensive to include damages arising from expenses incurred in traveling to the place of trial, hotel bills, taking depositions, executing indemnity bond in order to obtain possession of money attached, attorneys' fees in defending action, and also for the loss of time in attending trial; all these being regarded as direct consequences and losses attendant on and incident to the unsuccessful attachment proceedings, which resulted in a breach of the conditions of the bond. The same principle as to the measure of damages finds enunciation in *Kirkpatrick v. Downing,* (58 Mo. 32,) and in *Lewis v. Atlas Life Ins. Co.,* (61 Mo. 534,) and elsewhere. The defendant's liability is measured by a sum sufficient to put the plaintiff in as good plight as if defendant had kept his covenant. *Thayer v. Clemmence,* (22 Pick. 490.) In general the law will give a remedy commensurate with the injury sustained. *Rockwood v. Allen,* (7 Mass. 254.) The declarations of law given, were in the main correct, and for the most part in conformity to the views herein expressed. Discovering no substantial error in the record, we affirm the judgment. All concur, except HOUGH, J., not sitting.

AFFIRMED.