STATE OF MISSOURI to use of LONG–BELL LUMBER
COMPANY, Respondent, v. NEWTON L. HAILEY
*et al.*, Appellants.

St. Louis Court of Appeals, May 11, 1897.

1. **Mechanics' Lien, Existence of, on Improvements, Apart from Land.** With the exceptions made by ₁the statute, there can be no mechanics' lien on a building or other improvements separate or apart from the land itself. *Planing Mill Co. v. Christophel*, 60 Mo. App. 106.

2. **Sale under Special Execution:** LIABILITY OF SHERIFF, FOR TRESPASS, ON OFFICIAL BOND. A sheriff levying upon and selling property under a special execution, in which he is directed to make the levy upon and sell the identical property, can not be held in damages for the execution of the process; unless it appears from the writ itself that the court issuing it had no jurisdiction of the subject-matter, or the sheriff finds the property in the adverse possession of a third party, not in privity with the defendant in the execution.

*Appeal from the Newton Circuit Court.*—HON. J. C.
LAMSON, Judge.

REVERSED AND DISMISSED; Judge BOND concurring,
Judge BLAND not sitting.

*W. Cloud* and *Pepper & Steele* for appellants.

A justice of the peace has no jurisdiction to hear and determine a suit to foreclose a mechanic's lien until all the prerequisites of the statute conferring such jurisdiction have been complied with. The filing of the notice, and of the account which constitutes the lien should appear upon the face of the proceedings. *Johnson–Frazier L. Co. v. Schuler*, 49 Mo. App. 90; *Ewing v. Donnelly*, 20 *Id.* 6. See, also, *Mitchell v. R. R.*, 82 Mo. 106; *Blackenstoe v. R. R.*, 86 *Id.* 492;

*McCloon v. Beattie*, 46 *Id.* 391; *Bresch v. Schneider*, 27 *Id.* 101; *Cunningham v. R. R.*, 61 *Id.* 33.

No lien can be enforced against the building where none is secured against the real estate upon which it is located. *Williams v. Porter*, 51 Mo. 441; *Ranson v. Sheehan*, 78 *Id.* 668; *Richardson v. Koch*, 81 *Id.* 264; *Foundry & Machine Co. v. Cole*, 130 Mo. 1; *Planing Mill Co. v. Christophel*, 60 Mo. App. 106.

The justice of the peace had no jurisdiction over the person or subject-matter mentioned in these cases, as there was no personal service on defendant, and because a mechanic's lien can not be maintained against personal property alone. *Adams v. Cowles*, 95 Mo. 501; *Brown v. Woody*, 64 *Id.* 548; *Howard v. Thornton*, 50 *Id.* 292. See, also, *Hargis v. Morse*, 7 Kan, 417; Freem. on. Judg., sec. 117, and citations.

If, as alleged in the petition, the subject-matter of these suits was personal property, then the execution sales passed no title to the property. *Newman v. Hook*, 37 Mo. 207; *Douglas v. Orr*, 58 *Id.* 573; *Yeldell v. Stemmons*, 15 *Id.* 286; Freem. on Void Judicial Sales, sec. 26, and citations.

The returns on the executions show no actual seizure, therefore defendants are not estopped to deny that any actual levy was made; hence instruction number 5 should not have been given. *Hombs v. Corbin*, 20 Mo. App. 497; *Bilby v. Hartman*, 29 *Id.* 125; R. S. 1889, sec. 4918.

If the court issuing the process had jurisdiction, and it was a process when placed in the hands of the sheriff, and in the execution of the process he kept himself strictly within the mandatory clause of the process, then it is a complete defense or protection to him. *Buck v. Colbath*, 3 Wall. 343; *Wallace v. Holly*, 13 Ga. 389; *Chipstead v. Porter*, 63 *Id.* 220; *Phillips v. Spotts*, 14 Neb. 139; Freem. on Executions [2 Ed.],

sec. 254; *State to use v. Cave*, 49 Mo. 129; *R'y v. Lowder*, 38 S. W. Rep. 550, and citations.

*W. R. Cowley* for respondent.

The Long-Bell Lumber Company was the owner of the property described in the petition, and had a right to the possession of it at the date of the sale by the sheriff, and long prior thereto, also when this action was commenced. R. S. 1889, secs. 6159–6167; *Cook v. Thornton*, 20 S. Rep. (Ala.) 14; *Reed v. McRill*, 59 N. W. Rep. 775; *Dugan v. Wright*, 32 N. E. Rep. 159; *Wells v. Connable*, 138 Mass. 513; *Kerner v. Boardman*, 14 N. Y. 787; *Norman v. Horn*, 36 Mo. App. 419.

The title can not now be questioned by the sheriff or any of the appellants. The notice and manner of sale could only be questioned by the execution debtor by motion in the proper court. R. S. 1889, secs. 6166, 6719; *Eades v. Stephens*, 63 Mo. 90; *Reed v. Austin*, 9 *Id.* 722; *Cable v. Grubbs*, 48 *Id.* 350; *Howard v. Stephenson*, 11 Mo. App. 410; *Draper v. Bryson*, 17 Mo. 71; *Duncan v. Matney*, 29 *Id.* 368; *Curd v. Lockland*, 49 *Id.* 451.

The property was, at the time it was levied upon and sold by the sheriff, personal property in fact and in law. R. S. 1889, secs. 6706, 6707; *Seibel v. Siemon* 52 Mo. 370; *R. R. v. Fritz*, 20 Kan. 430; *Shoemaker v. Simpson*, 16 *Id.* 43; *Nines v. Ament*, 43 Mo. 298.

The sheriff did seize the property, offered the same for sale, and sold it to L. A. Mason, who took possession of it, thereby depriving the Long-Bell Lumber Company thereof. *Bilby v. Hartman*, 29 Mo. App. 125.

The return of the sheriff upon the execution in *Mason v. Barnes*, shows these facts, by which he is bound, and will not be permitted to impeach. 1 Herm. on Estop. & Res Judicata, 197; 2 *Id.* 761;

*Boone v. Lowery*, 9 Mo. 23; *Anthony v. Bartholow*, 69 *Id*. 194; *Hallowell v. Page*, 24 *Id*. 500; Gwynne on Sheriffs, secs. 573, 575; *Phillips v. Evans*, 64 Mo. 23; *Jefferies v. Wright*, 51 *Id*. 15; 22 Eng. and Am. Ency. 192; *Hath v. R. R.*, 83 Mo. 617, 624; *Magrew v. Foster*, 54 *Id*. 258.

The special execution, in the case of *Mason v. Barnes*, did not command the sheriff to sell the property in controversy, and, therefore, was not, and could not be, a defense to him against the claim and right of the Long-Bell Lumber Company. R. S. 1889, secs. 6717, 6718; *Phillips v. Spotts*, 14 Neb. 139. See, also, R. S. 1889, sec. 6727; Boisot on Mech. Liens, sec. 694; *Aushutz v. McClelland*, 5 Watts (Pa.) 487; *Matlack v. Deal*, 1 Miles (Pa.), 254; *Kelly v. Gilbert*, 28 Atl. Rep. (Md.) 274.

BIGGS, J.—In 1888 the defendant Hailey was the sheriff of Barry county. His codefendants are the sureties on his official bond. The present action is on the bond, and the relator complains that Hailey levied upon and sold a building belonging to it under an execution against one E. W. Barnes. The circumstances attending the sale are these: In 1888 one Mason performed work for Barnes in the construction of a foundry building located on block G in Monett Town Company's third addition to the city of Monett in Barry county. In December, 1888, he filed a mechanic's lien against the building. It was stated in the lien paper that Barnes owned the building, and that the Monett Town Company owned the land. The relation (if any) existing between Barnes and the company as to the land was not stated. In due time Mason began his suit against Barnes alone to enforce the lien. This suit was prosecuted to a judgment, but the judgment entry is not set out in the abstract. On November 23,

1889, a special execution was issued on the judgment. The execution is unusual in form. It recites the foreclosure of the mechanic's lien, described the building and the land upon which it is situated, and directs that if the judgment can not be satisfied out of personal property belonging to Barnes, then the sheriff should make the debt "out of the real estate charged with said lien and hereinbefore described." The defendant Hailey levied upon and sold the building under this execution.

The sale took place on the tenth day of December, 1889, and Mason became the purchaser. The claim or title of the relator to the building rests upon the following facts: The firm of Davis and Chapell and one Allen Miller also did work and furnished materials in the construction of the foundry building. Barnes failed to pay and they filed mechanic's liens against the building alone. It is also stated in their lien papers that the land upon which the building is located belonged to the Monett Land Company, but it is nowhere stated by what right or authority Barnes erected the building on the land. Suits to enforce these liens were instituted before a justice of the peace against Barnes alone. He could not be found, and he was notified of the institution of the suits by publication as provided by statute. The amounts claimed were found by the justice to be due, and the liens enforced against the building only. Transcripts of the proceedings in the cases were filed in the office of the clerk of the circuit court of the county, as provided by statute, and afterward, to wit, on June 24, 1889, executions were issued by said clerk, which directed the sheriff to levy upon and sell the foundry building. The sheriff complied with the mandates of the executions, and on the seventh day of October, 1889, he sold the building thereunder, and the relator became the purchaser.

The foregoing facts are undisputed. The inquiry took a much wider range, but under the opinion entertained by us a further statement is unnecessary. Neither is it necessary to set forth the various declarations of law, which were given and refused. The court sitting as a jury, found the issues for the relator, and his damages were assessed at $500. The defendants have appealed. :

In our opinion the relator has failed to show title to the building. The pretended liens of Davis and Chapell and Miller, as well as the proceedings for their enforcement, are absolute nullities. The MECHANICS' lien, existence of, on improvements, apart from land. pretended lienors proceeded upon the idea that, regardless of the ownership of the land or the right of Barnes to erect the building thereon, they were entitled to liens on the building apart from the land, and that such liens could be enforced in actions against Barnes alone. We discussed this question fully in the recent case of *Planing Mill Company v. Christophel*, 60 Mo. App. 106, where the cases in this state were collected and reviewed. We there decided that, with the exceptions made by the statute, there could not be a mechanic's lien on a building or other improvements separate or apart from the land itself. The statutory exceptions are where improvements have been made on leased or mortgaged premises under contracts with the lessee or mortgagor. Here there was no pretense that Barnes was either a lessee or mortgagor. But even in cases where improvements have been made or materials furnished under a contract with a lessee or mortgagor, the lessor or the mortgagee as the case may be, must be made a party to the suit enforcing the lien.

Another complete defense to the relator's alleged cause of action is that the sheriff in making the sale complained of acted under a special execution, in which

SALE under spe-
cial execution:
liability of
sheriff, for tres-
pass, on official
bond.

he was ordered to levy upon and sell the identical property. When the writ directs the sheriff to seize particular property, he can exercise no judgment or discretion in the matter. Hence in good conscience he ought not to be held liable in damages for the execution of the process. He can only be held as a trespasser where it affirmatively appears from the writ itself that the court issuing it acted without jurisdiction of the subject-matter (2 Freeman on Executions, sec. 254), or when he finds the property mentioned in the execution in the adverse possession of a third party who is not in privity with the defendant in the execution. There is nothing in the record to bring the present case within either exception. If the circuit court acted without jurisdiction in the *Mason* case, or its judgment therein was irregular or illegal, it did not so appear upon the face of the special execution. Neither was there anything to show that at the time of the levy under the writ the relator was in possession of the house. He had made no attempt to take possession of the building or to remove it from the premises.

The judgment of the circuit court will be reversed and the cause dismissed. Judge BOND concurs; Judge BLAND is absent.