SAWYER-AUSTIN LUMBER COMPANY, Appellant, v. CHARLES M. CLARK, et al., Respondents.

### St. Louis Court of Appeals, December 12, 1899.

1. **Mechanic's Lien:** LOT CONTRACTED FOR: LIEN ON HOUSE: INTEREST IN LOT. Clark's possession of the lot under contract to purchase it, and the erection of a building thereon, subjected the building to a mechanic's lien, and the lot also, to the extent of his interest therein, enforcible according to his interests in either, at the time of the trial.

2. ———: ———: MIS-DESCRIPTION: AMENDMENT. If the petition used "South" instead of "North," and it was evident from the context of the description that the use of the word "South" instead of "North" was a mistake, such mistake could not vitiate the description, if by a proper substitution of the word "North" the description would be completed; besides had it been necessary for a correct description of the property, the court should at the trial have permitted the amendment asked for by appellant for that purpose.

3. ———: MATERIALMAN: INCUMBRANCES. As to the building apart from the lot, the statute prefers the lien of the materialman to the lien of prior incumbrances upon the land, and permits the sale and removal of said building from the lot in the enforcement of such lien.

4 ———: ———: LIEN ON BUILDING: UNAFFECTED BY LIEN ON LAND. The lien enforcible by the materialman or laborer against the building does in no way depend upon the obtention of a lien on the land.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED AND REMANDED.

*Blevins, Lyon & Swarts* for respondents.

(1) The materials furnished by the appellant to the defendant, Clark, were not furnished under a contract with the owner of the land upon which the building was erected, nor

with a lessee or mortgagor and therefore the appellant was not entitled to a lien on the building, separately from the land. Planing Mill Co. v. Christophel, 60 Mo. App. 106; State to use Lumber Co. v. Hailey, 71 Mo. App. 200. (2) The description of the land, both in the lien account and in the petition, is fatally defective; that in the petition the land is located on the south side of Evans avenue, when in fact it is located on the north side of Evans avenue, as shown by the evidence in behalf of the appellant; and that the descriptions of the land as contained in the lien account and the petition, when taken together, are so uncertain, vague and contradictory as to render the description totally insufficient and fatally defective. Lemly v. Iron & Steel Co., 65 Mo. 545; Mill Co. v. Nast, 7 Mo. App. 147. (3) The items of the lien account, as filed by the appellant, are conclusive against the appellant. Coe v. Ritter, 86 Mo. 277. (4) The appellant was not entitled to a lien, because it failed to show, how much of the lumber went into the building referred to in the lien account and petition. Fitzpatrick v. Thomas, 61 Mo. 512; Barnett's Executrix v. Murray, 62 Mo. App. 500.

*Robert L. McLaran* and *Jared W. Young* for appellant.

(1) Clark was an owner within the purview of the statutes relating to mechanics' liens, and as such could subject the property to a lien. Judd v. Duncan, 9 Mo. App. 417; O'Leary v. Rowe, 45 Mo. App. 567; Kline v. Perry, 51 Mo. App. 422; Meyer v. Christian, 64 Mo. App. 203. (2) Plaintiff's description of the lot was sufficiently accurate, and the partially incorrect description by metes and bounds in the petition may be rejected as surplusage on the maxim "*falsa demonstratio non nocet.*" Progress Press-Brick Company v. Company, 52 S. W. Rep. 401; Rall v. McCrary, 45 Mo. App. 365; DeWitt v. Smith, 63 Mo. 263; Cahill v. Orphan School, 63 Mo. App. 28; Bambrick v. King, 59 Mo. App. 284. (3)

The error in credits in the lien account was merely a clerical one and self-explanatory.

BOND, J.—On the eighteenth of February, 1898, S. J. Fisher contracted to sell to C. M. Clark a lot on the north side of Evans avenue in this city with a frontage of 26 feet and 9 1-2 inches and a depth of 165 feet. The lot was made up of 25 feet of the eastern portion of lot 19 and 1 foot 9 1-2 inches of the western portion of lot 18 of city block 3732. Fifty dollars cash was paid on account of said purchase, and the balance of the purchase money was agreed to be paid forty days thereafter. There was evidence tending to show that the purchaser was allowed sixty days additional time to make this deferred payment. Plaintiff under a contract with the purchaser, furnished lumber for the erection of a building on said lot and brought this action to establish a mechanic's lien upon said building and the land upon which it stood. The improvement consisted of a two story brick building arranged as flats, which was 26 feet wide. It stood 7 1-2 inches west of the eastern line, and 2 inches east of the western line of the lot, which Fisher agreed to convey to Clark. The evidence tended to show that the lumber, for whose price the suit was begun, entered into the construction of said building, and was furnished for that purpose between from the sixth or eighth day of March to the second day of April, 1898. The lien account correctly stated the dimensions of the lot which was the subject of the contract between Fisher and Clark, but referred to it as part of lot 19 of city block 3732, when in point of fact it was composed and made up of the contiguous portions of lots 19 and 18 in the proportions specified in the contract between Fisher and Clark. After the introduction of the lien account, plaintiff moved the court to permit an amendment of the petition, so as to conform its description of the property to the description given in the lien account, which plaintiff insisted could be done by merely striking out the

specific boundary mentioned in the petition, which erroneously showed that the south instead of the north line of Evans avenue, was the beginning point of the lot. The court over-ruled this motion, to which exception was duly saved. There-upon plaintiff disclaimed any right to subject the land on which the building was situated to a mechanic's lien, the proof show-ing that up to the time of the trial Clark, the purchaser, had not paid the balance of the purchase money, nor acquired title to the land further than resulted from his contracts with Fisher, the owner, but plaintiff insisted that it was still entitled to a lien against the building. The evidence showed that Clark was in possession of the lot under his contract to purchase it during the whole time of the accrual of plaintiff's account and until the erection and completion of the building on said lot.

The cause was submitted to the court without a jury. Plaintiff requested the court to give the following declarations of law:

1. "The court declares the law to be, that if the court believes from the evidence that defendant Clark was in pos-session of the land under and by virtue of a contract to pur-chase the same from defendant Fisher, the owner and while in possession thereof began the erection of a building thereon, then said Clark had an interest in said land as owner within the purview of the Missouri Statutes and could subject said building and his interest in the land to a mechanic's lien."

2. "The court further declares the law to be, that if the court believes from the evidence that plaintiff furnished material upon the building erected by said Clark on the land described in plaintiff's lien and petition, and under a contract with said Clark, and that said material entered into and became a part of said building, and that thereafter plaintiff complied with all the statutory requirements for establishing a me-chanic's lien, then plaintiff is entitled to such a lien on said building."

3. "The court declares the law to be, that if the court

believes from the evidence that defendant Fisher, being the owner of lots 18 and 19 in block 11 of Evans Place in city block 3732 of the city of St. Louis, entered into a contract of sale with defendant Clark whereby he agreed to sell to him the eastern 25 feet of said lot 19 and the western 1 foot 9 1-2 inches of said lot 18, and in pursuance of said agreement said Clark entered upon and took possession of said piece of land and began the erection of improvements thereon, then said lot of land is one complete and entire lot as regards defendants Fisher and Clark and all those claiming through or under them."

4. "The court declares the law to be that although the court may find from the evidence that the building erected on the lot of land in question is situated on contiguous lots owned by defendant Fisher, that plaintiff is nevertheless entitled to a mechanic's lien on the building situated thereon, if the lien papers are otherwise good."

The court refused all of the foregoing declarations and at the instance of defendant declared against the right of plaintiff to recover a lien, and accordingly gave judgment for defendant, from which plaintiff has appealed to this court.

Respondents insist that there are such imperfections in the description of the property in the petition and lien as to justify the ruling of the court    The allegation in the petition that the beginning point in the boundary of the lot was on the south line of Evans avenue, is shown to have been a mere error in the use of that term when the term north was meant by a notation of the subsequent courses and distances completing the description of the lot.    These showed that starting from the beginning point the course was north 165 feet 10 inches,    thence east 26 feet 9 1-2 inches,    south 165 feet 10 inches,    thence west to the beginning. This description would take in the width of the street as the southern frontage and a portion of the lot, which would be a patent error, since the vendor could not convey a public street.    As this could not

have been intended, and as the course of the measurements located the land on the north side of the street, it is demonstrable that the pleader intended to allege that the beginning point was on the north line of the street, and that by inadvertence or clerical error the word south was inserted in lieu of the word north. The use of a term in the description of land which the context shows was a mere mistake for another, will not vitiate the description if the substitution of the proper term will complete it. We, therefore, attach no importance whatever to the evident misuse of the word south for north in the description of the land given in the petition. Besides, if there had been any force in respondents contention on this point, it would have been the duty of the trial court to have allowed appellant to strike out the specific description of the land set forth in its petition, and to have proceeded under the general description of the land given in the petition which was in entire conformity with the full description of the land given in the lien paper. But respondents also contend that the lien paper itself did not contain a sufficient description of the property under the statute. The only objection which can be urged to its sufficiency is, that after giving correctly the full dimensions of the lot, the lien paper locates the lot in question wholly on what was known as lot 19 in the divisions of the city block, when in point of fact it projected 1 foot 9 1-2 inches over lot 18, as shown by the plat of the city block. The only persons who could be affected by this inaccuracy of description were the owners or prior incumbrancers of the land. To each of these the description given in the lien paper furnished reasonable means of identification of the lot. As to Fisher, the owner, the recital in the lien paper of the exact measurements of the lot as set forth in his contract with Clark, necessarily affected him with the knowledge of its true location. As to prior incumbrancers the description of the property given in the lien paper if followed out, would have carried them to the spot where they would have discovered

the house erected on lot 19, and that it projected over the contiguous lot.    This fact would have afforded them further information that the owner of the building was in possession of some part of lot 18 under his contract with their grantor. In view of the distinct designation of the locality of the property thus afforded by the description thereof in the lien paper, and the further fact that appellant only claimed on the trial a right to subject the building alone to a lien for its demand, it is difficult to see any reasonable basis for the theory of respondents that the correct description of the dimensions of the property given in the lien paper was invalidated by the inaccuracy of locating the lot thus described 1 foot 9 1-2 inches   west of its eastern boundary line, when the situation of the building on the true location of the lot and the contract in the hands of the owner of the building who was in possession of the lot as truly located, would have informed any one seeking to locate the property described in the lien paper of its true and correct boundary line.    Under the evidence in this record the description of the property in the petition and in the lien paper was sufficient to meet the requirements of the statute as against defendants, so far as to charge the building only with a mechanic's lien, if it can be held that appellant was entitled to that relief. But respondents insist that appellant had no contract with the owner of the land, and hence is not entitled to a lien against the building for the material which entered into its construction.    The statutes governing the right of a materialman to charge the building into which his material has entered with a lien for its value, afford the right upon the condition that the material is so furnished "under or by virtue of any contract with the owner or proprietor" of the land upon which the building shall be erected, and they extend the right both to the building and "upon the land belonging to such owner or proprietor," and as to the latter (the land) "to the extent and only to the extent of all the right, title and interest owned

therein by the owner or proprietor of the building." As to the building the statute prefers the lien of the materialman to the lien of prior incumbrances upon the land, and permits the sale and removal of said building in the enforcement of such lien. R. S. 1889, sections 6705, 6706 and 6707; K. C. Hotel Co. v. Sauer, 65 Mo. 279; Crandall v. Cooper, 62 Mo. 478; Reilly v. Hudson, 62 Mo. 383; Seibel v. Siemon, 52 Mo. 363. In the case in hand the contract for the material was made between appellant and C. M. Clark, who had paid a part of the purchase money for the land upon which the building was to be erected, and was in possession under a written contract executed by the holder of the legal title to convey the land in fee to Clark upon the payment by him of the balance of the price. Under all the principles of law applicable to the transfers of title to real estate Clark, by virtue of these facts, became vested with an equitable right or interest in the land which entitled him upon compliance with such contract to a deed in fee. That it was the design of the statute to recognize as owner one who held the title, legal or equitable, which constituted him such under the rules applicable to conveyances of real estate, can not be denied. The terms of the statute fully warrant this proposition, and such has been the construction uniformly given to it. O'Leary v. Roe, 57 Mo. App. loc. cit. 572; Jodd v. Duncan, 9 Mo. App. 417. It is clear, therefore, that the contract made by appellant with Clark—who was then the equitable vendee of the land—was in the statutory sense a contract with one who was an owner or proprietor of the land. The lien of appellant attached when its material was first put into the building. Both at that time and when the last of its materials had been put into the building, Clark was in possession of the lot under an unexpired contract entitling him to a deed upon the making of certain specific payments in the future. Beyond question the interest in the land so held by Clark was one which he might have conveyed or assigned at any time prior to the date fixed in his

contract for the payment of the remainder of the purchase money of the lot. It was, therefore, such a title or interest as could be subjected to a mechanic's lien, provided the lien could be enforced before it should expire under the term of the contract. The fact that when the lien suit was tried Clark had lost his interest in the land, can not deprive appellant of the right to enforce its lien against the building. For the lien having accrued under valid statutory conditions against both the building and the lot was not lost as to the one because the interest in the other had become valueless.

The cases cited by respondent (60 Mo. App. 106; 71 Mo. App. 200) have no application. The former merely decided that the husband, who was not shown to be the agent of his wife, could not charge with a mechanic's lien a house which he had caused to be erected on her real estate. The latter case merely announced that a building erected on premises, under a contract not shown to have been made with the owner or proprietor, could not be made the subject of a mechanic's lien. On the other hand in the case at bar, as has been seen, the contract for the improvement was made with an owner of the land in the statutory sense. Hence under the plain language of the section cited the materialman was entitled to a lien against both the building and the lot to the extent of Clark's interest in the latter. If his ownership had continued to the date of the trial of this suit, appellant might have subjected his title to the land for whatever it was worth, as well as the building, to a lien for its material, but its right to subject the building alone is not conditioned in the statute upon the continuance of the title of the owner of the land at the time it contracted with him for the erection of the building, and hence appellant was not precluded from charging the building by the subsequent failure of Clark's title to the land.

Neither is this conclusion effected by the point actually decided in Ranson v. Sheehan, 78 Mo. 668, where it was held that a lien could not be enforced against a building where the

land on which it was situated was not described as required in the statute. It is true in that case there are some remarks of commissioner Phillips to the effect that the supreme court had held in a case like the one before him, that a lien upon the building must always depend upon the obtention of a lien on the land, in support of which he referred to Williams v. Porter, 51 Mo. 441. He expressly says, however, that his personal views would be otherwise, under the plain language of the statute, if he were free to express it. It will be observed that the commissioner apparently overlooked the later decision of the supreme court in Kansas City Hotel Company v. Sauer, 65 Mo. 279, where the view of the supreme court as announced by Judge Sherwood is exactly the reverse of that ascribed to it by the commissioner. It will be further noted that Judge Sherwood, the only member of the court as it was then constituted, who is now a member of that body, dissented *in toto* to the decision of commissioner Phillips. Under these circumstances the remarks in that case, beyond the point in judgment, can not be held authoritative, opposed as they are to the latest previous decision of the supreme court, and being also in the teeth of the statute.

The declarations of law requested by appellant are in accord with the views expressed in this opinion, and should have been given by the trial judge. For this error in refusing them, and giving contrary instructions on defendants' behalf the judgment herein is reversed and the cause remanded.

Judge *Bland* concurs; Judge *Biggs* dissents.