EARL FORD, Respondent, v. MINNIE DIXON, JOHN KALLAUNER, and FELIX GAMBREL, Appellants.

### Kansas City Court of Appeals, May 5, 1913.

**MECHANIC'S LIEN: Possession Under Contract of Purchase.** One who contracts with a person in possession of premises under a contract of purchase containing no provision for improvements, to furnish material for the repair of a building on said premises and does furnish such material, has no lien upon the building, where the purchaser's estate in said property has ended before the action to enforce the lien is commenced.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick,* Judge.

REVERSED.

*H. B. Williams, Eugene Silverman* and *G. W. Groves* for appellants.

One in possession of land, under a verbal or written contract of purchase, cannot subject to a mechanic's lien either the building or the land, to the prejudice of the legal owner, even under a statute which contemplates a remedy, either against the building or the land. Dustin v. Crosby, 75 Me. 75; Poor v. Oakman, 104 Mass. 309; Hickox v. Greenwood, 94 Ill. 266; Wagar v. Briscoe, 38 Mich. 587; Bank v. Fellowes, 42 Conn. 36; Walker v. Burt, 57 Ga. 20; Dierks v. Walrod, 66 Iowa, 354; Wilkins v. Litchfield, 69 Iowa, 465.

*B. J. Casteel* for respondent.

A person in the possession of property, under a contract of purchase, is such an owner or proprietor, under the mechanic's lien law, that a contract made with such person, by a mechanic or material man, to furnish materials and erect a building thereon, or repair a building, already thereon, will afford a sufficient foundation for a mechanic's lien against the building so built or repaired and whatever interest such person has in the land. Jodd v. Duncan, 9 Mo. App. 417; Lumber Co. v. Clark, 82 Mo. App. 225; 172 Mo. 588; Lumber Co. v. Harris, 131 Mo. App. 94.

JOHNSON, J.—Suit to enforce a mechanic's lien. Defendant Kallauner was the owner in fee of a lot in St. Joseph on which there was a two-story brick building which, during his ownership, had been used as a residence. On September 11, 1911, he entered into a written contract with defendant Minnie Dixon by the terms of which he sold her the property for $30,000, and agreed to deliver her a deed on payment in full of the purchase price. She paid $100 on the purchase price on signing the contract and agreed to pay the remainder in monthly installments. The contract provided that "in case of default in the payment of the above installments for ten days after any one of the same becomes due and payable as above provided (the vendee) shall forfeit this contract at the election of said Kallauner and all payments previously made hereunder shall be taken and considered as only rent for said premises."

Mrs. Dixon made no other payment but defaulted in the performance of the contract and on January 15, 1912, agreed in writing to the cancellation of the contract and surrendered possession of the premises to Kallauner who then sold and conveyed them to defendant Gambrel.

Ford v. Dixon.

Mrs. Dixon was in possession of the premises under the installment contract from September 11, 1911, to January 15, 1912, and while in such possession made alterations and repairs in and upon the building for the purpose of turning it into a rooming house with a restaurant on the first floor. These changes cost about $900 and consisted in the main of painting, papering, removing some of the interior partitions, putting in new closets and bathrooms and laying some new flooring. The plumbing work amounting to $443.50 was done by plaintiff under an oral contract with Mrs. Dixon who, in dealing with him, assumed to be the owner of the property.

There is evidence to the effect that Kallauner knew of the work at the time it was being done but there is no proof that he authorized Mrs. Dixon to act as his agent in having the work done and the contract did not mention the subject of improvement or repairs. Mrs. Dixon paid plaintiff $173 on account of the work but failed to pay the remainder of the debt and the object of this suit is to establish and enforce a mechanic's lien against the building for the unpaid work and material furnished by plaintiff in the repair and alteration of the building.

A jury was waived and after hearing the evidence the court gave personal judgment against Mrs. Dixon in the sum due on the lien account and adjudged the demand a lien upon the building. Defendants appealed.

The action and the judgment do not attempt to subject to the lien any interest or estate in the land. Kallauner, the owner of the legal title, entered into no contractual relation with plaintiff either directly or indirectly. Mrs. Dixon was not his agent nor did his contract with her for the sale of the property authorize her to use his credit or the credit of his interest in the property as security for the work she had done on the premises. In instances where the owner

of the fee enters into a contract of sale or lease which invests the vendee, or lessee with the right to enter into the possession of the premises and compels him to erect a building thereon or make improvements for the enhancement of the freehold estate, the agency of the vendee or lessee to subject the freehold to mechanic's liens will be implied. [O'Leary v. Roe, 45 Mo. App. 567; Lumber Co. v. Churchill, 114 Mo. App. 578; Hardware Co. v. Churchill, 126 Mo. App. 462.]

The present case is barren of such features and the mere fact that Kallauner knew that his vendee was having the building altered and repaired cannot be construed as conferring authority upon her in law to bind his estate in the land which, as stated, was the legal title.

The position of plaintiff is that since Mrs. Dixon, when she had the work done, was in possession of the premises, under a valid and binding contract of purchase, she had an equitable estate in the land that constituted her an owner within the meaning of the statutes. It is argued that "a person in the possession of property, under a contract of purchase, is such an owner or proprietor under the mechanic's lien law, that a contract made with such person, by a mechanic or material man, to furnish materials and erect a building thereon, or repair a building, already thereon, will afford a sufficient foundation for a mechanic's lien against the building so built or repaired and whatever interest such person has in the land."

The statute provides (Sec. 8212, R. S. 1909): "Every mechanic or other person, who shall do or perform any work or labor upon . . . any building, erection or improvements upon the land, or for repairing the same under . . . any contract with the owner or proprietor thereof . . . shall have for his work or labor done . . . a lien upon such building, erection or improvements and upon the land belonging to such owner or proprietor," etc.

The substance of plaintiff's position is that on the hypothesis that Mrs. Dixon was the owner of an estate in the land which afforded a foundation for a mechanic's lien, her contract for the alteration and repair of the building bound her estate in the land and the entire estate in the building including that of Kallauner, the holder of the legal title to both land and building. In support of this position we are cited to the following cases: [Jodd v. Duncan, 9 Mo. App. 417; Lumber Co. v. Clark, 82 Mo. App. 225 and 172 Mo. 588; Lumber Co. v. Harris, 131 Mo. App. 94.]

In the first of these cases a vendee in a contract of purchase entered into the possession of the land and with the knowledge of the vendor erected a building on the land. Afterward his contract of purchase was terminated and he lost all interest in the land. Mechanic's liens were filed against the building and were sustained by the St. Louis Court of Appeals in an opinion written by BAKEWELL, J., from which we quote as follows:

"One who has entered into possession under a contract to purchase, and who has erected buildings, may be regarded as an owner within the meaning of the mechanics' lien law, and as such, might, under the law, bind his equitable interest in the land. If the contract to purchase the land was not carried out, the expectation of title would fall; and the fact that the owner knew that the building was being erected and did not dissent ought not to be construed into an assent that the land should be chargeable with the lien. [Ph. on Liens, secs. 69-72, and cases.] The existing law under which this lien was filed provides, however (Rev. Stats. sec. 3174), that the lien shall attach to the buildings in preference to any prior lien on the land, and any person enforcing such a lien may have such buildings or improvements sold, and the purchaser may remove the same within a reasonable time. Such purchaser gets, of course, no interest in the land. The

right of enforcement is not confined to leasehold property, as has been expressly held in Kansas City Hotel Company v. Sauer, 65 Mo. 288. In every instance the improvements are regarded as the primary objects which confer the lien, and the land is added thereto where it belongs to the owner or proprietor. It seems to have been the intention of the Legislature, as is said by Judge NAPTON in Smith v. Phelps, 63 Mo. 588, to protect the title of the mechanic to a reimbursement for his expenditure in money or labor on the house he builds, by giving him a right to the house if all other means fail. We think the contract in the present case, having been made by one who erected the buildings under a contract to purchase the land, was made with the owner, within the meaning of the law; and though under the evidence no lien could be established against the land, since the contract of purchase was not carried out, the lien upon the buildings was not therefore lost, and the mechanic, on obtaining his judgment, might have sold them under execution, the purchaser, if other than the owner of the land, being obliged to remove them within a reasonable time.''

In a similar case the Supreme Court say in Lumber Co. v. Clark, supra: ''That it was the design of the statute to recognize as owner one who held the title, legal or equitable, which constituted him such under the rules applicable to conveyances of real estate, cannot be denied. The terms of the statute fully warrant this proposition, and such has been the construction uniformly given to it. [O'Leary v. Roe, 45 Mo. App. l. c. 572; Jodd v Duncan, 9 Mo. App. 417.] It is clear, therefore, that the contract made by appellant with Clark—who was then the equitable vendee of the land —was in the statutory sense a contract with one who was an owner or proprietor of the land.''

We recognized and made application of these rules declared in the last two cases from which we have quoted so extensively and if we were dealing now with

a case where the owner of an equitable estate or interest in land while in possession thereof had built a new and independent building, erection or improvement thereon, we would not hesitate in holding that the entire structure though attached to the land in a manner to make it real and not personal property, nevertheless should be subjected to the liens of mechanics and materialmen and, if necessary, sold and removed from the land in satisfaction of such liens. Such interpretation of the statute does no violence to any canon of statutory construction, gives effect to the beneficient purpose of the mechanics' lien law and accords with plain requirements of justice and equity. Without impairing the estate the vendor contracted to convey it gives the lienors the security of the structure their labor and property helped to create.

But we are not confronted by a case of that character. Here the lienor is endeavoring to subject a part of the estate of the vendor, who, all along, retained the legal title, to a lien not founded on his express or implied contract and which cannot even be said to have enhanced the value of his estate. The alterations and repairs appear to have been necessary for the purpose of adapting the building to the special use the vendee decided to make of it, and there is no proof that they increased the value of the freehold by a single dollar. Consequently the position of plaintiff in its last analysis is that the estate of the vendor, of which the building was an integral part, may be subjected to a lien founded on a contract to which neither directly nor indirectly he was a party and which cannot be said to have been of any benefit to him. We think the mechanics' lien law should not receive an interpretation that would carve out an estate for the benefit of lienors in excess of that enjoyed by the owner with whom they contracted directly or indirectly. The cases we have reviewed do no such thing. They "render unto Caesar the things that are

Ford v. Dixon.

Caesar's"—return to the vendor the estate and no more than he had when he entered into the contract of sale. They only give to the lienors that which thy put upon the land and which may be removed without great damage to the freehold but they do not compel the vendor to pay for something he did not order or desire on pain of being despoiled of a moiety of his estate. The respective rights of the vendor and lienors in cases of this character may be likened to those subsisting between lienors and a prior mortgagee. The statutes have been construed in such cases to give mechanics' liens priority to the mortgage, as to a building or improvement erected subsequent to the mortgage, for the reason that such enforcement of the lien cannot be said to be of substantial injury to the estate covered by the mortgage, but mechanics' liens for alterations and repairs or even for the reconstruction of a building on the land covered by the mortgage are subjected to the mortgage lien on the ground that no part of the mortgagee's estate should be taken from him under a contract to which he was a stranger. [See Schulenburg v. Hayden, 146 Mo. 583, where the subject is fully discussed and the authorities reviewed.]

We conclude that the estate covered by plaintiff's lien is bound by the estate Mrs. Dixon had in the land and building and since that estate has been ended and had no existence at the time this action was commenced, plaintiff has no legal remedy against the building.

The judgment is reversed. All concur.